# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16-cv-130-FDW

| | |
|---|---|
| BRIAN ALLGOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU BUCHANAN, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the *pro se* Plaintiff's letter, (Doc. No. 11), that is construed as a Motion for Voluntary Dismissal under Rule 41 of the Federal Rules of Civil Procedure.

The Federal Rules of Civil Procedure state that a plaintiff may voluntarily dismiss an action without a court order "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). No Defendant has filed an answer or dispositive motion so Plaintiff could have voluntarily dismissed this action without a motion pursuant to Rule 41. In any event, the Court will grant Plaintiff's motion for voluntary dismissal.

Plaintiff requests in the motion that the Court to withdraw the Order requiring partial payment from Plaintiff's trust account because he does not want to have to pay the filing fee. See (Doc. No. 10). The Prison Litigation Reform Act ("PLRA") provides that, "if a prisoner brings a civil action … *in forma pauperis*, the prisoner shall be required to pay the full amount of the filing fee…." 28 U.S.C. § 1915(b)(1). Thus, the PLRA "makes prisoners responsible for their filing fees the moment the civil action or appeal is filed, … [and] by filing the complaint or notice of appeal, the prisoner waives any objection to the fee assessment by the district court." McGore v.

1

Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997) (citation omitted), *overruled on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Goins v. Decaro, 241 F.3d 260, 262 (2d Cir. 2001) ("we are not at liberty to read into the PLRA judicial authority to cancel remaining indebtedness for withdrawn appeals."); Williams v. Roberts, 116 F.3d 1126, 1127 (5th Cir. 1997) ("the filing fee is to be assessed for the privilege of initiating an appeal, without regard to the subsequent disposition of the matter."). Plaintiff is still required to pay the full filing fee even though he is voluntarily dismissing this action, and therefore, his request to discontinue payments from his prison account is denied. See McGore, 114 F.3d at 607; 28 U.S.C. § 1915(b)(1).

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for Voluntary Dismissal, (Doc. No. 11), is **GRANTED**, but Plaintiff is still required to pay the filing fee.

2. The Clerk is instructed to terminate this action.

3. As this action has now been dismissed, the Court's order requiring Plaintiff to submit an administrative remedies statement, (Doc. No. 8), is moot.

Signed: November 28, 2017

Frank D. Whitney
Chief United States District Judge